IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHIRLEY MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 8:05CV508 |
| | ) | |
| EDWARD S. CARROLL, M.D. and | ) | ORDER |
| KEARNEY HEART AND LUNG | ) | |
| SURGEONS, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court pursuant to 28 U.S.C. § 636 and the consent of the parties on defendants' MOTION TO DISMISS PURSUANT TO RULE 12(b)(2) and (6) (Filing 38). The plaintiff has filed a response (Filings 45-46) in opposition to the motion.

### DISCUSSION

Plaintiff originally filed this action in the District of Kansas on May 27, 2005, alleging that Dr. Edward S. Carroll negligently performed a heart bypass operation on her at the Good Samaritan Hospital in Kearney, Nebraska on May 30, 2003. The plaintiff resides in Kansas and the defendants reside in Nebraska. The Kansas court denied the defendants' motion to dismiss for lack of personal jurisdiction, noting that "[a] dismissal in this case would likely bar plaintiff from refiling her suit based on the statute of limitations." Instead, the case was transferred to the District of Nebraska, in the interest of justice, pursuant to 28 U.S.C. §§

1631[1] and 1406(a)[2], based on the court's finding that while it lacked personal jurisdiction over the defendants, the District of Nebraska did have personal jurisdiction over them. The Kansas court concluded it lacked personal jurisdiction based on the affidavit of Dr. Carroll stating the following facts:

> (1) Dr. Carroll is a doctor of osteopathy residing in and licensed to practice medicine in Nebraska; (2) Dr. Carroll practices medicine in Nebraska; (3) Dr. Carroll has never been licensed to practice medicine in Kansas and has never practiced medicine in Kansas; (4) Dr. Carroll has never paid taxes in Kansas; (5) Dr. Carroll has never used or possessed real property or possessed personal property in Kansas; (6) Dr. Carroll has never committed a tortious act in Kansas; (7) Dr. Carroll is a stockholder, officer and employee of Kearney Heart and Lung Surgeons, P.C. ("KHLS"); (8) KHLS is a professional corporation registered and existing under the laws of Nebraska; (9) KHLS's administrative offices are located in Kearney, Nebraska; (10) KHLS has never had a registered agent or office in Kansas; (11) KHLS has never been licensed or registered to do business in Kansas; (12) KHLS has never had employees or managers located in Kansas or who are Kansas residents; (13) KHLS does not send member physicians, employees or managers to Kansas to provide medical care of any kind; (14) KHLS has never paid income or property taxes in Kansas; (15) KHLS has never used or possessed real property or possessed personal property in Kansas; and (16) KHLS has never committed a tortious act in Kansas.

The transfer order, filed by Judge Carlos Murguia on November 2, 2005, reflects plaintiff's admission that she could not then controvert the affidavit of Dr. Carroll.

---

[1] Section 1631 provides: "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

[2] Section 1404(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The defendants now argue that the Kansas court should have dismissed the case rather than transfer the case to Nebraska. They contend the action should be dismissed in the interest of justice because the Kansas court did not have personal jurisdiction over them, and transferring the case to Nebraska was not in the interests of justice because the plaintiff "negligently brought the original action in Kansas." (Filing 39 at p. 7).

In response, plaintiff (Filing 45 at p. 2) advises that the case was filed in Kansas, less than one week before the statute of limitations expired[3], on the belief that Kearney Heart and Lung Surgeons, P.C. might be transacting business in Kansas. The defendant's website, www.kearneyheartandlung.com, advertises its "outreach clinics in Kansas and Nebraska, and lists a number of Kansas health care locations." Plaintiff has also submitted the Affidavit of Michelle Rust (Filing 45), which states:

> On or about early spring of 2003, I was a licensed physician's assistant on staff at Smith County Memorial Hospital located in Smith County, Kansas. On at least one occasion, Dr. Edward Carroll appeared at Smith County Memorial Hospital and met with me in my capacity as staff physician assistant, and with other medical and hospital personnel for the express purpose of providing medical care and treatment to patients from Smith County Memorial Hospital. Dr. Carroll represented that he was a cardio-thoracic surgeon and would provide care and treatment to our patients.

This affidavit, which was signed on June 5 and filed on June 6, 2006, was not considered by the Kansas court and has not been rebutted.

In *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466-67(1962), the Supreme Court observed:

---

[3]Plaintiff's brief (Filing 45 at p. 6) advises that the case was brought to counsel on or about May 24, 2005.

> The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.... The section is thus in accord with the general purpose ... of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits. When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. *The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure.* If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as 'time-consuming and justice-defeating technicalities.'

(Emphasis added; footnote omitted).

The Memorandum and Order filed by Judge Kopf in *Gray v. Lewis & Clark Expeditions, Inc.*, 12 F. Supp. 2d 993 (D. Neb. 1998), is representative of the practice in this district. The plaintiffs resided in Nebraska and the defendant resided in Wyoming. The decision reflects that the action was filed in Nebraska three days before the Wyoming statute of limitations on tort actions would bar the plaintiffs' claim. The plaintiffs argued that this court had personal jurisdiction over the defendant based on the defendant's marketing practices, which included advertising in camping publications that made their way to Nebraska, maintaining an 800 number available to Nebraskans, and accepting the plaintiff's reservation and credit card number over the phone during a call initiated by the plaintiff. The defendant contested personal jurisdiction in Nebraska. Citing 8 U.S.C. § 1404(a), 28 U.S.C. § 1631, and *Goldlawr, Inc. v. Heiman*, the plaintiffs requested the case be transferred to the

-4-

District of Wyoming if personal jurisdiction was found lacking in Nebraska. Judge Kopf found that the court did not have personal jurisdiction over the defendants and that the case should be transferred to Wyoming pursuant to § 1631:

> Courts have interpreted the plain language of § 1631 to apply to cases, such as this one, where the transferor court finds personal jurisdiction over the defendant lacking. *Med-Tec, Inc. v. Kostich,* 980 F. Supp. 1315, 1331-32 (N.D. Iowa 1997)*; North American Financial Corp. v. Amgrar Gesellschaft fur Farmlagen, mbH,* 702 F. Supp. 1435, 1439 (D. Minn. 1989). As with transfers for improper venue, the decision to transfer under § 1631 lies within the discretion of the district court. *Gunn v. United States Dep't of Agric.,* 118 F.3d 1233, 1240 (8th Cir. 1997). The court must find that the transfer will be in the interest of justice, and that, had the case been originally filed in the proper court, the filing would have been timely and jurisdictionally proper in that court. *Id.*
>
> Plaintiffs state that this action was filed in Nebraska three days before the Wyoming statute of limitations on tort actions would bar their claim. (Pls.' Br. at 3.) Because § 1631 allows the filing date of the action to relate back to the date it was filed in this district, I find it in the interest of justice to order the transfer. Jurisdiction presumably would be proper in the state where Defendant was a citizen and where the events alleged in the complaint took place.

12 F. Supp. 2d 993 at 999.

It appears to me that the transfer ordered in this case is completely consistent with the Supreme Court's ruling in *Goldlawr v. Heiman* and Judge Kopf's ruling in *Gray v. Lewis & Clark Expeditions*. The Supreme Court has also instructed that "[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v.*

*California*, 460 U.S. 605, 618 n.8 (1983)). Thus, within the Eighth Circuit, "a prior decision stands as the law of the case, and settled issues are not to be relitigated." *Starks v. Rent-A-Center*, 58 F.3d 358, 364 (8th Cir. 1995).

In this instance, there is no dispute as to whether the court has subject matter jurisdiction or whether the case could have been brought in Nebraska instead of Kansas. Judge Murguia's decision to transfer the case to Nebraska pursuant to §§ 1631 and 1406(a) is well reasoned and is supported by numerous authorities. It is patently obvious that Judge Murguia's decision was not clearly erroneous and that the transfer of the action to the District of Nebraska will not work any "manifest injustice" on the defendants.

For these reasons,

**IT IS ORDERED** that defendants' MOTION TO DISMISS PURSUANT TO RULE 12(b) (Filing 38) is denied.

**DATED July 7, 2006.**

                          **BY THE COURT:**

                          s/ F.A. Gossett
                          **United States Magistrate Judge**