IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHIRLEY MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 8:05CV508 |
| | ) | |
| EDWARD S. CARROLL, M.D. and | ) | ORDER |
| KEARNEY HEART AND LUNG | ) | |
| SURGEONS, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendant's MOTION TO COMPEL [41]. Aside from sending one letter to plaintiff's counsel on March 10, 2006, the defendant has not otherwise complied with NECivR 7.1(i).[1] Having considered the plaintiff's response [48], I find that the motion to compel should be denied.

Defendant alleges that plaintiff failed to answer Interrogatories Nos. 3, 6 and 9.

The "verbatim recitation" of each interrogatory that is the subject of the motion does not include Interrogatories Nos. 3 and 9.

Interrogatory No. 6 provides:

With regard to each expert witness who will testify as to any issue with regard to this Defendant, please describe how he or she became involved in the review of this case, including whether he or she was located through the use

---

[1] **(i) Discovery Motions.** To curtail undue delay in the administration of justice, this court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, they are unable to reach an accord. This showing shall also recite the date, time, and place of such communications and the names of all persons participating in them....

    **(1) "Personal Consultation" Defined.** "Personal consultation" shall include person-to-person conversation, either in the physical presence of each counsel or on the telephone. An exchange of letters, faxes, voice mail messages, or e-mails between or among counsel may also constitute personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the non-moving party.

    **(2) Form.** A discovery motion shall include in the text of the motion or in an attachment a verbatim recitation of each interrogatory, request, answer, response, and objection that is the subject of the motion.

of an expert witness service, referral from another attorney, or in some other manner.

Plaintiff objected to the interrogatory on grounds that it required information which "invades the work product and attorney client privilege." The response then goes on to state that there were no such experts "at this time." Plaintiff further argues in her brief that the information requested is irrelevant to the claims and defenses asserted by the parties.

In the absence of any expert witnesses to whom Interrogatory No. 6 could apply, and considering the defendant's failure to comply with NECivR 7.1(i), the court declines to consider the parties' arguments concerning relevance, work product and attorney client privilege.

Finally, the court finds that the circumstances of this incident would make an award of expenses unjust and declines to award costs or fees to either party. See Fed. R. Civ. P. 37(a)(4)(B).

**IT IS ORDERED** that defendant's MOTION TO COMPEL [41] is denied.

**DATED July 7, 2006.**

                              **BY THE COURT:**

                              **s/ F.A. Gossett**
                              **United States Magistrate Judge**